IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02007-WYD-CBS

JAMES E. BROWN,

      Applicant,

v.

FEDERAL BUREAU OF PRISONS, and
R. RIOS, Warden,

      Respondent.

## ORDER OF DISMISSAL

I.    INTRODUCTION

THIS MATTER is before the Court on Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed August 24, 2009.  Respondent filed a preliminary response on September 17, 2009, indicating that Applicant has exhausted administrative remedies.  An order to show cause issued September 21, 2009, and a response was filed on October 21, 2009.  Applicant filed a reply on November 9, 2009, and a pleading styled "Motion for Summary Judgment" on April 16, 2010.  This matter is now ripe for decision.

II.    BACKGROUND

Applicant James E. Brown is in the custody of the United States Bureau of Prisons (BOP) and is currently housed at the Federal Correctional Institution in Englewood, Colorado.  He is serving a 151 month sentence (reduced from 188 months) for Narcotics (Crack) in violation of 21 U.S.C. § 841.  His projected release date via

good conduct time release is January 26, 2013.

In his Application, Mr. Brown challenges his conviction on disciplinary charges for escape in Incident Report (IR) No. 1681763, and asserts that he is "innocent" of the charge of escape. In addition, in his reply, he asserts that the conviction violates his due process rights because the BOP delayed delivery of the incident report, and because the BOP impermissibly used an admission made in connection with a separate incident report to support their assertion that he admitted to the escape charge. Mr. Brown seeks reinstatement of the lost good-conduct time credits and the ability to earn credits, as well as any privileges associated with those credits.

By way of background, I note that on December 17, 2007, an incident report was issued charging Mr. Brown with Introduction of a Hazardous Tool and Escape from an Open Institution, in violation of the BOP's Inmate Code of Conduct sections 199/108 and 200. The incident report stated that on November 15, 2007, Mr. Brown and an second inmate left the confines of the Federal Prison Camp in Duluth, Minnesota, to obtain contraband consisting of GNC type supplements, tobacco products, and a cellular phone. The incident report was subsequently referred to the F.B.I. and United States Marshal's Service on December 17, 2007, for possible prosecution, but these agencies declined to prosecute.

The parties agree that Mr. Brown received a copy of the incident report on December 27, 2007. At the time the incident report was delivered, he had been temporarily transferred to the Federal Correctional Institution in Sandstone, Minnesota. The incident report was forwarded to the Unit Disciplinary Committee ("UDC") for an initial hearing, which took place on December 28, 2007. The UDC then forwarded the

incident report to the Discipline Hearing Officer ("DHO") for disposition. A DHO hearing took place on January 4, 2008. The DHO report from the hearing reflects that Mr. Brown requested the assistance of a staff representative, which was provided, that he did not request the presence of witnesses, and that he was allowed to make a statement. According to the report, Mr. Brown stated during the hearing that "[t]he only thing I had was a SIM Card, they never found any other contraband in my property." The DHO report further reflects that Mr. Brown "admitted to the escape." *See* Response, Attachment 5. Following the hearing, the DHO determined that Mr. Brown committed the prohibited acts of Introduction of a Hazardous Tool and Escape from an Open Institution in violation of the BOP's Inmate Code of Conduct sections 199/108 and 200, respectively.

    Mr. Brown filed an administrative appeal to the Regional Office, where it was determined that based on the special investigator's and the DHO's failure to complete a Confidential Informant Form, the matter should be returned to the DHO for a rehearing. A rehearing was held on July 24, 2008. According the DHO report from the rehearing, Mr. Brown was provided with the assistance of a staff representative, he was allowed the opportunity to make a statement, which he did by submitting a written statement, and he did not request witnesses. In addition, the report states that Mr. Brown stated during the rehearing "I admit I had the SIM card for a cell phone and I admit to escaping." Finally, the report noted that confidential information used by the DHO in support of his findings were documented in a separate report, and that the information from the confidential informant had been determined to be reliable. *See* Response, Attachment 7.

Mr. Brown filed a second appeal to the Regional Office in which he complained, among other things, that the incident report was not delivered to him in a timely manner, and that evidence used to sustain the DHO's findings was also used as evidence to support a separate incident report.  *See* Response, Attachment 8.  In response the Region concluded that after comparing the evidence used in Incident Report (IR) No. 1681763 (the incident report at issue in this case) with the Incident Report (IR) No. 1670194, Mr. Brown was charged twice for the same misconduct.  Therefore, the DHO was instructed to amend Incident Report (IR) No. 1681763 to reflect removal of his finding that Mr. Brown committed the prohibited act of Introduction of a Hazardous Tool in violation of the BOP's Inmate Code of Conduct sectionss 199/108.  *See* Response, Attachment 8.

In connection with the escape charge, Mr. Brown was sanctioned to disallowance of 14 days good conduct time, 20 days disciplinary segregation, a disciplinary transfer, loss of family visits for a year and 6 months loss of commissary.

III.   ANALYSIS

I must construe the Application liberally because Applicant is a *pro se* litigant. *See Hanies v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Application reasonably can be read "to state a valid claim on which the [applicant] could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall,* 935 F.2d at 1110.  However, I should not act as a *pro se* litigant's advocate.  *See id.*

As a federal prisoner, Mr. Brown has a constitutionally protected liberty interest in

his earned good-conduct time. *See Brown v. Smith,* 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process during the disciplinary proceedings in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner,*899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985); *Mitchell v. Maynard,* 80 F.3d 1433, 1445 (10th Cir. 1996).

    A.    <u>Insufficient Notice</u>

I first address Mr. Brown's assertion that he received insufficient notice of the charges set forth in the incident report. Mr. Brown contends that he received a copy of the incident report on December 27, 2007, which was forwarded to the UDC for an initial hearing, which took place on December 28, 2007. A DHO hearing took place on January 4, 2008. Based on procedural errors in the DHO report, Mr. Brown was granted a rehearing on July 24, 2008. Mr. Brown contends that based on prison policy Program Statement 5270.07, the BOP had 24 hours from date the incident report was

prepared on December 17, 2007, to provide him with a copy of the report. The BOP attributes any dely in delivering the incident report to the fact that the incident report was initially referred to the F.B.I. and United States Marshall's Service, and Mr. Brown's transfer to another institution. In any case, even if Mr. Brown was entitled to receive the incident report earlier than December 27, 2007, pursuant to prison policy, he has not demonstrated that this dely hindered his ability to prepare for either the hearing or the rehearing in this matter. With respect to notice of the charges contained in the incident report, Mr. Brown was entitled to receive "written notice of the charges against him at least twenty-four hours before the hearing. *Wolff*, 418 U.S. at 563; *Smith*, 899 F.2d at 946. He received notice on December 27, 2007, and his initial hearing took place on December 28, 2007. Mr. Brown has not come forward with any facts that would show his due process rights were violated. I find that the notice provided to Mr. Brown complied with the due process requirements for prison disciplinary hearings as set forth in *Wolff v. McConnell*, *supra*.

      B.     Double Jeopardy

I further find that Mr. Brown's contention that his conviction for escape somehow violates "double jeopardy" lacks merit. Here, Mr. Brown complains that his admission that he possessed a SIM card in connection with a separate incident report (Incident Report (IR) No. 1670194) was improperly used to support the DHO's findings that he admitted to escape in connection with the Incident Report (IR) No. 1681763 (the incident report at issue in this case). "The Double Jeopardy Clause of the Fifth Amendment . . . protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense."

*Monge v. California*, 524 U.S. 721, 727-28 (1998). The conduct about which Mr. Brown complains does not implicate double jeopardy concerns. In this case, Mr. Brown challenges his conviction on disciplinary charges for escape in Incident Report (IR) No. 1681763. As noted above, the DHO was instructed to amend Incident Report (IR) No. 1681763 to reflect removal of his finding that Mr. Brown committed the prohibited act of Introduction of a Hazardous Tool in violation of the BOP's Inmate Code of Conduct numbers 199/108 because Mr. Brown had already been convicted of Disruptive Conduct connected with possession of the SIM card in Incident Report (IR) No. 1670194. Thus, Mr. Brown did not receive multiple punishments for the same offense. Moreover, the fact that the DHO may have relied on admissions made by Mr. Brown concerning possession of the SIM card in connection with his finding that Mr. Brown was guilty of escape, does not implicate double jeopardy concerns or due process concerns. A review of the DHO's reports following Mr. Brown's hearing and rehearing indicates that Mr. Brown admitted to the escape during the rehearing.

IV.     CONCLUSION

Based on the above findings, I conclude that the Application must be denied. Accordingly, it is

ORDERED that the Application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed August 24, 2009 [ECF No. 1], is **DENIED** and the action is **DISMISSED WITH PREJUDICE** on the merits. It is

FURTHER ORDERED that Petitioner's Motion for Summary Judgment, filed April 16, 2010 [ECF No. 20] is **DENIED AS MOOT**.

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: February 7, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge